HORSMAN DOLLS, INC., A CORPORATION OF NEW JERSEY, PROSECUTOR-RESPONDENT, v. STATE OF NEW JERSEY UNEMPLOYMENT COMPENSATION COMMISSION, DEFENDANT-APPELLANT.

Argued October 17, 1945—Decided January 31, 1946.

For the prosecutor-respondent, *Alexander Budson* and *Bilder, Bilder & Kaufman* (*Samuel Kaufman,* of counsel; *Bernard Hellring* on the brief).

For the defendant-appellant, *Charles A. Malloy* (*Herman D. Ringle,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The question presented by this appeal is the validity of an order of the Unemployment Compensation Commission by which the Commission "removed to itself" an appeal of Horsman Dolls, Inc., then pending before Mr. Nowels, employed by the Commission as a legal assistant, to whom it had been referred by the Commission. As a matter of procedure, the reference comes from the office of the Chief of Contributor's service. Mr. Nowels had been designated to act in the capacity of "referee" by the Commission's executive director some years ago. The Supreme Court, *certiorari* having been allowed, vacated the order in question holding that the reference once made was irrevocable; and further that the commission had no power, under the statute which created it (*R. S.* 43:21–1, *et seq.*) to make the regulation in question (No. 10) which permitted it to "remove" to itself or its executive director "for determination, any proceeding (pending) before a referee." (133 *N. J. L.* 11.) This we think was error.

The basic question involved in the appeal which had been referred to Mr. Nowels was whether Horsman Dolls, Inc., an employer, had been assigned a proper contribution rate or tax for the year 1942. The employer contended that the rate assigned it was too high; that the rate fixed had been "adversely affected" by "improper charges" made against its account. Its right to a refund of contributions paid under protest for 1942 was necessarily involved. The employer charges that the Commission relieved Mr. Nowels of the case because it had learned that he was about to determine the matter in favor of the employer.

Despite our conclusion (a) that a reference once made is not irrevocable and (b) that a subordinate in the Commission has no power of decision in the matter of tax rate, adjustment thereof, or refund to the employer, we are impelled to say that, assuming the power in a subordinate to decide a matter referred to him, any attempt to dictate what his judgment should be or to coerce him in the conscientious expression of

his opinion cannot be defended. On the other hand, it is only fair to say that Mr. Nowels, in deposition, unequivocally stated that neither the executive director nor any member of the Commission ever directed him "to make a decision in favor of the Commission." It is clear, however, that Nowels was of the opinion that the rate of tax imposed on the employer was excessive and that he informed the Commission and its executive director of his view and that thereafter he was relieved of the matter.

Resuming our examination of the question in this case: Mr. Nowels was designated as "referee." There is no such office *eo nomine,* provided for in the statute, *supra.* There is provision for a representative of the Commission as "deputy" to be designated by the executive director, to examine *claims;* and he has power to decide the issue; or he may refer it to an appeal tribunal or a board of review, &c. (section 6-b). There is provision for a. "salaries examiner" (section 6-d) who serves in the appeal tribunal; for a board of review (section 6-e) which, among other things, is empowered to affirm, modify or set aside the decision of the appeal tribunal and this board may remove to itself or transfer to another appeal tribunal the proceedings on any *claim* pending before an appeal tribunal, &c., but in all cases under this chapter of the statute the subject-matter is that of *claims for benefits* and nothing else. This class of claim has to do only with the rights of employees, under the statute, and does not extend beyond such subject-matter. In its opinion, *supra,* the Supreme Court recognized that the statute made no provision for a "referee by that name" and seemed to consider that "referee" and "salaried examiner" were more or less identical. We find no support for that view in the statute. The salaried examiner functions only in the matter of claims for benefits—not in the matter of contribution rate or refund. On the precise issue between the respondent and the Commission, our view is that the statute (section 14-g) entrusts the matter of determining whether the contributions by the employer were erroneously collected and whether there should be an "adjustment" or refund, exclusively to the Commission or its executive director. Such determination is reviewable by *certiorari* (section 14-e).

The statute, *supra* (eleventh section), under the heading "Administration," contains a particularized grant of power to the Commission for the accomplishment of the aims and objects of the statute. The Commission has the duty to determine matters of policy, has rule making powers, may require reports, make investigations, &c. It may appoint such officers, accountants, attorneys, experts, &c., as may be necessary to effectuate the purposes of the statute (section 11-d). There is provision for hearing, the swearing of witnesses, depositions, and power of subpœna, &c. (sections 11-h and i).

It is contended by the Commission that by virtue of this grant of power under this section of the statute, the Commission has power to refer such matter to a referee or, as the brief describes such role, "a hearing officer" or "examiner" or "moderator"—without power of determination—as a mere compiler of a record—for the purposes of the agency, upon which it is not binding. We concur in this view, pointing out that there is no such office as "referee" mentioned; nomenclature, however, is not important. But conceding the power to appoint a "hearer" to "compile a record," there is not a vestige of authority conferred on the Commission by the statute to invest such appointee with power of decision as plainly was intended by the Commission when the case of "Horsman Dolls, Inc.," was referred to Mr. Nowels. The Commission may make and promulgate rules within the power granted it in the statute, *supra*. Any power of decision invested in or exercised by such hearer, examiner or "referee" is *ultra vires*. With regard to a reference of a matter of this kind to a subordinate by the Commission or its executive director, we think the Commission or its executive director may have the aid of assistants in the department. In the case of *Morgan* v. *United States,* 298 *U. S.* 468, the court (at *pp.* 481, *et seq.*), passing on the administrative procedure, set out in the Packers and Stockyards Act of 1921 (*U. S. C. A. Title* 7, § 181-229), where the Secretary of Agriculture is required to make the rate order, held that the official whose duty it is to make the rate must have heard or considered the evidence and the argument of the parties; that it is a duty akin to that of a judge; "that the one who decides must hear." The opinion then says:

"This necessary rule does not preclude practicable administrative procedure in obtaining the aid of assistants in the department. Assistants may prosecute inquiries. Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates. Argument may be oral or written. The requirements are not technical. But there must be a hearing in a substantial sense. And to give the substance of a hearing which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them. That duty undoubtedly may be an onerous one, but the performance of it in a substantial manner is inseparable from the exercise of the important authority conferred. * * *"

If the Unemployment Compensation Commission requires the aid of its subordinate in hearing or compiling a record in a matter of the kind under consideration, there is no reason why it should not have such assistance, providing procedure such as is outlined above be followed and the evidence considered and argument heard by the agency which has power of decision—in this instance the Commission or its executive director. A fair and open hearing required by our law will countenance nothing less.

The respondent argues that the Commission may not sit in judgment in its own cause. The reasoning proceeds: that the Commission originally fixed the rate; that on the employer's appeal the Commission "appeared, responded and defended the rate;" that it "submitted to the jurisdiction of the referee on the merits." First, the referee was without power to decide and his judgment, if made, would be a nullity. The exercise of such power by him collides with the statutory provision (14-g) which places the power of adjustment and refund in the Commission or the executive director. But conceding that the Commission made the rate and defended it before Mr. Nowels, yet this does not disqualify the Commission or its executive director. To be sure, counsel for the Commission wished the case decided his way. But there is no evidence that the commission prejudged this case on grounds that were rooted in bias or discrimination. We must assume that the judgment, when made, will represent the conscien-

tious views of the Commission or its executive director on the matters in controversy. Compare *United States* v. *Morgan*, 313 *U. S.* 409. And if the employer, after decision, is aggrieved the matter is open to judicial review. The statute so provides.

It is further argued that the Commission has an interest in the fund. It has no pecuniary personal interest. We assume that the Commissioners have the interest which as members of the Commission they are expected to have. If they are zealous in that interest, it is no disqualification. The cases cited by the respondent are not to the contrary.

It is next argued that the Commission obstructed the decision of the referee. The answer to this is that he had no power to decide. The respondent makes other points which have been considered but found wanting in substance.

Irrevocability of reference; nowhere in the respondent's brief do we find any argument to support the proposition that a reference of a matter to a subordinate is irrevocable. In the very nature of things under administrative procedure, the Commission is necessarily competent to withdraw a reference from a subordinate. So many reasons can arise for the exercise of such discretion that it is not necessary to do more than refer to some of them in passing. The subordinate might become ill; circumstances might disqualify him; he might not be competent in a matter, technical in character; time might become of the essence; the matter could assume an importance that would prompt the Commission, in the public interest, to hear it in all its detail; and the like.

In conclusion, we think that that part of the rule (No. 10) which purports to invest a hearing officer, examiner or referee with power of "determination and decision" is void. That power is non-delegable. The statute, as stated, *supra,* places it in the Commission as such or in its executive director.

The judgment of the Supreme Court is reversed.

*For affirmance*—CASE, PERSKIE, DILL, JJ. 3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, OLIPHANT, WELLS, RAFFERTY, FREUND, McGEEHAN, JJ. 10.